IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 03-20074-01-KHV |
| ERIC CLAY, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's Motion To Modify Term Of Imprisonment Pursuant To 18 U.S.C. § 3582(c)(2) Citing Amendment 706 To The U.S. Sentencing Guidelines (Doc. #26) filed December 3, 2008. For reasons stated below, the Court overrules defendant's motion.

**Factual Background**

Defendant pled guilty to distribution of five grams or more of cocaine base and possession of a firearm by a convicted felon, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C § 922(g). Defendant's base offense level was 30 based on drug quantity. See United States Sentencing Guidelines ("U.S.S.G.") § 2D1.1(a)(3). Defendant received a two level enhancement for possession of a firearm. See U.S.S.G. § 2D1.1(b)(1). He received a three level reduction for acceptance of responsibility and a two level reduction for substantial assistance, resulting in an adjusted offense level of 27. See U.S.S.G. §§ 3E1.1, 5K1.1. Under Section 4B1.1 of the United States Sentencing Guidelines ("U.S.S.G."), however, defendant's offense level was adjusted to 29 (34 minus three levels for acceptance of responsibility and two levels for substantial assistance) because he was classified as a career offender. Defendant's total offense level of 29, with a criminal history

category VI, resulted in a sentencing range of 151 to 188 months. On May 10, 2004, the Court sentenced defendant to 151 months in prison.

## **Analysis**

Defendant asks the Court to modify his term of imprisonment under 18 U.S.C. § 3582(c)(2). In particular, defendant relies on the amendments to the sentencing guidelines on offenses involving crack cocaine. See United States Sentencing Commission, Guidelines Manual, Supp. to Appendix C, Amendments 706 and 711. Section 3582(c)(2) authorizes the district court to reduce a term of imprisonment where the Sentencing Commission has lowered the sentencing range pursuant to 28 U.S.C. § 994(o) and "a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Section 1B1.10(a)(2), one of the applicable policy statements, provides that a reduction in sentence is not authorized if the retroactive amendments do not apply to the defendant or do not have the effect of lowering the applicable guideline range. Because the Court sentenced defendant under the career offender guideline, U.S.S.G. § 4B1.1, and not the guideline which was affected by the recent amendments, U.S.S.G. § 2D1.1, he is not entitled to relief. See, e.g., United States v. Olden, No. 08-5060, 2008 WL 4596336, at *3 (10th Cir. Oct. 15, 2008); United States v. Martin, No. 08-3138, 2008 WL 4569972, at *2 (10th Cir. Oct. 14, 2008); United States v. Sharkey, 543 F.3d 1236, 1239 (10th Cir. 2008).

Defendant concedes that he was sentenced as a career offender, but he maintains that the Court should look at the totality of the case and determine whether the penalties for a career offender over-represent the crime. See defendant's Motion To Modify Term Of Imprisonment Pursuant To 18 U.S.C. § 3582(c)(2) Citing Amendment 706 To The U.S. Sentencing Guidelines (Doc. #26) at 3. Defendant argues that the Court has discretion to determine whether career offender status results

in a sentence which is greater than necessary to achieve the objectives of 18 U.S.C. § 3553(a). See id. at 4.

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996); see 18 U.S.C. § 3582(c). Congress has set forth three limited circumstances in which a court may modify a sentence: (1) upon motion of the Director of the Bureau of Prisons in certain extraordinary circumstances or where defendant has reached 70 years of age and has served at least 30 years in prison; (2) when "expressly permitted by statute or by Rule 35;" and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)-(2); see Blackwell, 81 F.3d at 947-48. None of these exceptions apply here. See Sharkey, 543 F.3d at 1239 (district court cannot re-sentence based on Section 3553(a) factors unless defendant's guideline range has been lowered as required by Section 3582(c)(2)).

**IT IS THEREFORE ORDERED** that defendant's Motion To Modify Term Of Imprisonment Pursuant To 18 U.S.C. § 3582(c)(2) Citing Amendment 706 To The U.S. Sentencing Guidelines (Doc. #26) filed December 3, 2008 be and hereby is **OVERRULED**.

Dated this 15th day of December, 2008 at Kansas City, Kansas.

                                                s/ Kathryn H. Vratil
                                                KATHRYN H. VRATIL
                                                United States District Judge